**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Bankruptcy No.07-11171ELF |
| | : | |
| **JAMES & PAMELA ANSEL** | : | Chapter 13 |
| | : | **Hearing Date, Time & Place** |
| | : | **Tuesday, June 5, 2007 at 1:00 p.m.** |
| Debtor(s) | : | **Courtroom #1, Bankruptcy Court** |
| | : | **900 Market Street, 2nd Floor** |
| | : | **Philadelphia, PA** |

**CHAPTER 13 STANDING TRUSTEE'S MOTION TO DISMISS**
**WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTIONS 105, 349 AND 1307**

**AND NOW** comes, WILLIAM C. MILLER, ESQUIRE, Chapter 13 standing trustee, and requests that this case be dismissed with prejudice for the following reasons:

1.  The debtors filed the above-captioned bankruptcy case on February 28, 2007. Debtors are represented by Michael A. Cibik, Esquire in this case.

2.  Debtors had filed four (4) prior bankruptcy cases as follows:

    a) **06-14305ELF**, a Chapter 13 case filed on September 26, 2006, that was dismissed by the Court on November 14, 2006, for debtors' failure to file all required schedules, and/or a plan under 11 U.S.C. § 1321. Debtors were represented Frank J. Marcone, Esquire in this case.

    b) **03-17597ELF**, (Pamela Ansel only) a Chapter 13 case filed on May 5, 2003, that was dismissed by the Court on May 3, 2005, for debtor's failure to commence or continue to make timely payments to the trustee as required by 11 U.S.C. §1326. Debtor was represented Frank J. Marcone, Esquire in this case.

    c) **96-12004BIF**, (James Ansel only) a Chapter 13 case filed on March 8, 1996, that was discharged by the Court on April 3, 2001. Debtor was represented by Scott L. Hozakowski-Rubin, Esquire in this case.

    d) **94-16157BIF**, (James Ansel only) a Chapter 13 case filed on October 14, 1994, that was dismissed by the Court on November 21, 1995. Debtor was represented by Scott L. Hozakowski-Rubin, Esquire in this case.

3.  A lack of good faith in filing is sufficient cause for dismissal of a Chapter 13 case under 11 U.S.C. § 1307(c). In re Lilley, 91 F. 3d 491, 495 (3rd Cir. 1996). The good faith inquiry is a fact intensive determination left to the discretion of the bankruptcy court. Id. Chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the

circumstances. Id.

Bankruptcy courts and district courts are empowered by 11 U.S.C. section 105(a) and 349(a) to enjoin future filings to prevent abuse of the bankruptcy process. In re Casse, 198 F. 3d 327 (2d Cir. 1999). In re Legree, 285 B.R. 615, 2002 Bankr. LEXIS 1560 (E.D. Pa. 2002).

Critical to a determination of good faith in a bankruptcy filing, where there have been prior filings, is whether there has been a material change of circumstances which justifies the filing of the petition. Matter of Elmwood Development Co. 964 F. 2d 865 (5th Cir. 1992). The kind of changed circumstances which may justify a successive filing should be positive changes reflecting on the debtors' ability to successfully reorganize under Chapter 13. In re Legree, supra.

4.      No material change in circumstances appears to have occurred in debtors' situation to warrant the filing of their *fifth* bankruptcy filing.

5.      Upon information and belief, debtors' repeated bankruptcy filings have been designed to frustrate, delay and/or hamper the ability of debtors' creditors to prosecute and/or collect on their legal debts.

6.      Debtors' repeated bankruptcy filings have frustrated, delayed, and hampered the ability of the Chapter 13 standing trustee to effectively administer debtors' bankruptcy estate.

7.      Moreover, the following circumstances exist in the instant matter, which along with debtors' prior filings; support the dismissal of the instant case for cause and with prejudice:

        a) Debtor(s) has/have failed to file copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor(s) from any employer of the debtor(s), as required by 11 U.S.C. § 521(a)(1)(B)(iv).

        b) Debtors have failed to commence or continue making timely payments to the trustee as required by 11 U.S.C. §1326.

8.      In evaluating the totality of debtors' circumstances which includes debtors' repetitive filings and the reasons set forth in the immediately preceding paragraph, the Chapter 13 standing trustee believes and therefore asserts that this case was filed in bad faith.

**WHEREFORE**, WILLIAM C. MILLER, ESQUIRE, Chapter 13 standing trustee, respectfully requests that this Court enter an Order in the form annexed hereto, dismissing this case with prejudice pursuant to 11 U.S.C. Sections 105, 349 and 1307, and barring the debtor(s) from filing, individually or jointly another bankruptcy case without prior leave of the Court.

|  |  |
|---|---|
| Date: May 10, 2007 | Respectfully submitted,<br>/s/LeRoy Wm. Etheridge, Esquire<br>LeRoy Wm. Etheridge, Esquire<br>For<br>William C. Miller, Esquire<br>Chapter 13 Standing Trustee<br>P.O. Box 40116<br>Philadelphia, PA  19106 |